## R. F. NICHOLS *v.* HIS CREDITORS.—LANATA GANDOLFO & Co., Opponents.

Where a debtor applies for a respite, and any of his creditors make opposition, and he is required to give security under Article 3060 of the Code, the opposing creditors must be made the obligees in the bond, and the bond should be for a sum sufficient to satisfy their claims.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Goold & Stansbury*, for *Nichols*. *Dufour*, for Opponents.

VOORHIES, J. At a meeting of the creditors of *R. F. Nichols*, convened on his petition praying for a respite, *Michael Pojero*, of Palermo, Sicily, appeared as one of the creditors, through his agent, and voted against the application, declaring that if the same were granted, he would require security of the plaintiff, according to Article 3060 of the Civil Code.

After the proces verbal of the deliberation of the creditors was returned to the clerk's office, *Pojero* filed his opposition, founded on the reasons already stated, and prayed that the respite should not be granted and approved by the court until the plaintiff furnished good and valid security for the whole amount of his claims, in conformity with Article 3060 of the Code.

The court below rendered the following decree: "It is ordered, that a bond be given by *R. F. Nichols* for all the amount prayed for, deducting therefrom the sum of $1686 41, the bond to be made in favor of *Pojero*, and according to Art. 3060 of C. C., within ten days from this day."

The second paragraph of the Article referred to is in these words:

"But the creditors who are obliged to abide by the will of the majority, may require that the debtor shall furnish security that the property, of which he is left in possession, shall not be alienated; or, in case it is, that the money arising from the sale shall be employed in paying the debts existing at the time of the respite."

There is some obscurity in the meaning of the English text of this article, as to whom the debtor should furnish the security; but, construed with reference to the French text, we feel ourselves relieved from any doubt as to the intention of the law-giver:

"Mais les créances, qui sont forcés à passer par le vœu de la majorité, peuvent exiger que le débiteur *leur* donne caution, etc."

This is manifestly intended for the benefit of the creditors who are forced to abide the will of the majority. The law is silent as to the amount of the security which may be thus required. We think it should be adequate to the claims of those who are entitled to it. In the words of the law, the condition of the bond should be "that the property of which he (the debtor) is left in possession shall not be alienated; or in case it be, that the money arising from the sale shall be employed in paying the debts existing at the time of the respite." The object of the law is to secure to the obligee of the bond the share to which he may be entitled in the distribution of the property of the debtor, as the common pledge of his creditors.

We are, therefore, of opinion there is no error in the judgment of the court below decreeing the bond to be given in favor of the opponent *Pojero*, according to to Article 3060 of the Civil Code.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed with costs.